

**Signed and Filed: October 16, 2007**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 07-30309 TEC |
| HUGO NERY BONILLA, | Chapter 7 |
| Debtor. | |
| ATR-KIM ENG CAPITAL PARTNERS, INC., and ATR-KIM ENG FINANCIAL CORPORATION, | Adv. Proc. No. 07-3079 TC |
| Plaintiffs, | |
| vs. | |
| HUGO NERY BONILLA, | |
| Defendant. | |

**MEMORANDUM RE DEFENDANT'S RULE 12(b)(6) MOTION**

Plaintiff obtained a $24.5 million judgment against Defendant in Delaware state court. That court found that Defendant, a corporate director, breached his duty of loyalty to Plaintiff, a minority shareholder, by failing to take any steps to monitor the operations of the corporation. The Delaware court held Defendant liable for the loss Plaintiff suffered when the majority

MEMORANDUM RE MOTION
TO DISMISS COMPLAINT        -1-

shareholder transferred to himself substantially all of the corporation's assets.

In the present action, Plaintiff seeks a determination that Defendant's liability is nondischargeable under 11 U.S.C. § 523(a)(4), because it arises from "defalcation while acting in a fiduciary capacity". Defendant moves to dismiss that claim for relief, contending that a corporate director is not a "fiduciary" under section 523(a)(4).[1] For the reasons set forth below, the motion is denied.

Whether a debtor is a fiduciary within the meaning of section 523(a)(4) is a question of federal law. Lewis v. Scott (In re Lewis), 97 F.3d 1182, 1185 (9th Cir. 1996). First, the debtor must have been subject to the duties of a trustee before, and without reference to, the wrongdoing that gave rise to the debt. Id. Second, the duties imposed on the debtor must be those imposed on the trustee of an express or technical trust. Id. at 1185-86 n.1. Thus, there must be an identifiable trust *res*, identifiable beneficiaries, and the debtor must be subject to the duties of loyalty, good faith, and honesty in caring for the trust *res*. Lewis, supra, 97 F.3d at 1186 n.1; Miramar Resources, Inc. v. Shultz (In re Shultz), 208 B.R. 723, 728 (Bankr. M.D. Fla. 1997)(Shultz II).

Whether a debtor is subject to the duties just described is primarily a matter of state law. Lewis, supra, 97 F.3d at 1185. The requisite duties can be imposed by agreement, state statute, or

---

[1] Plaintiff is not urging that the decision of the Delaware court be given issue-preclusive effect at this time. The findings of fact in the state-court decision are treated as allegations for the purpose of the present motion.

**MEMORANDUM RE MOTION**
**TO DISMISS COMPLAINT**              -2-

state case law. Id. at 1185-86. The parties here agree that Delaware law defines Defendant's duties as a corporate director.

Numerous Delaware decisions refer to directors as trustees, and impose on directors the highest duties of loyalty, honesty, and fair dealing in all matters concerning the management of corporate assets. See, e.g., Hynson v. Drummond Coal Co., Inc., 601 A.2d 570 (1991); Keenan v. Eshleman, 2 A.2d 904, 908 (1938). Furthermore, Delaware cases impose this fiduciary duty prior to, and without reference to, any misconduct by the director.

> It is not always necessary for [directors] to reap a personal profit or gain a personal advantage in order for their actions in performance of their quasi trust to be successfully questioned. Trustees owe not alone the duty to refrain from profiting themselves at the expense of their beneficiaries. They owe the duty of saving their beneficiaries from loss.

Bodell v. General Gas & Electric Corp., 132 A. 442, 447 (1926). Thus, Delaware case law clearly identifies the fiduciary duties of a corporate director, the trust *res* (all corporate assets), and the beneficiaries of the trust (the corporation and its shareholders).

Delaware court decisions do not, however, equate corporate directors with trustees in all respects. The Bodell decision quoted above refers to directors as "quasi" trustees. Id. Another Delaware decision notes that trustees differ from corporate directors in that trustees usually occupy a caretaking role, while directors are often required to take risks with the assets they manage. Cinerama, Inc. v. Technicolor, Inc., 663 A.2d 1134, 1148 (1994). Yet another Delaware decision states that corporate directors are not trustees in the strictest sense, because they do not hold legal title to the property of the corporation.

**MEMORANDUM RE MOTION
TO DISMISS COMPLAINT**               -3-

> The officers and directors of a corporation are fiduciaries but they are not real trustees. They do not hold the legal title to the corporate property. They occupy a position of extreme trust and confidence toward all interested parties, and exercise great powers in managing corporate affairs, but they are not trustees of an express trust in the true sense of that term.

Bovay v. H.M. Byllesby & Co., 29 A.2d 801, 804 (1943) (citations omitted); see also Shultz II, supra, 208 B.R. at 729 (Delaware courts say directors are fiduciaries but "technically not trustees"). The major authorities on trust law are in accord that corporate directors occupy a trust-like position, but are not trustees in the strict sense, because they do not directly hold legal title for a beneficial owner. Bogert & Bogert, Law of Trusts & Trustees § 16 (2007); accord Restatement (Third) of Trusts §§ 2, 5(g) (2003).

The Ninth Circuit states "the fiduciary relationship must be one arising from an *express or technical trust* that was imposed before and without reference to the wrongdoing that caused the debt." Lewis, supra, 97 F.3d at 1185 (emphasis added). Does this mean that in addition to preexisting the wrong, the fiduciary duty must be identical to that of a trustee in every technical respect?

I conclude that the fiduciary duty must preexist the trust, and must be *substantially similar* to the role of a trustee, in that there must be a trust *res*, identifiable beneficiaries, and clear notice of the duties of loyalty, honesty, and fair dealing toward the beneficiaries in all matters affecting the trust *res*. In Lewis, the Ninth Circuit found partners to be fiduciaries under section 523(a)(4) upon the basis of state-court decisions that imposed on partners the duties of loyalty, honesty, and fair dealing. Id. at 1186. One of the decisions Lewis relied upon

**MEMORANDUM RE MOTION TO DISMISS COMPLAINT** -4-

described the duties of a partner as merely "similar to a trustee's," and the other decisions cited failed to use the term trustee at all in describing the duties of a partner.[2] In addition, Lewis noted with approval language in Collier stating that the duties of the fiduciary need only be "substantially similar" to those imposed on trustees.

> "If state law clearly and expressly imposes trust obligations on managing partners of limited partnerships substantially similar to those imposed on trustees, i.e., the duty of loyalty and the duty to deal with one another in good faith and with honesty, these fiduciary obligations meet the strict requirements of section 523(a)(4)".

Id. at 1186 n.1.

As noted above, the director of a corporation organized under Delaware law is subject to duties substantially similar to those imposed on the trustee of an express or technical trust, and those duties arise before and without reference to any wrongdoing. The director of a Delaware corporation is therefore a fiduciary within the meaning of section 523(a)(4). Miramar Resources, Inc. v. Shultz (In re Shultz), 205 B.R. 952, 959 (Bankr. D. New Mex. 1997) (Shultz I); see Foster v. Lasagna, 609 F.2d 392, 396 (9th Cir. 1979)(director of corporation organized under California law is a fiduciary for purpose of section 523(a)(4)); see also Nahman v. Jacks (In re Jacks), 266 B.R. 728, 737 (9th Cir. BAP 2001)(same).

Defendant also argues that the Delaware judgment imposes liability on him for acts that should be protected under the business judgment rule. In essence, this is an argument that the

---

[2] Desantis v. Dixon, 236 P.2d 38, 41 (Ariz. 1951) (does not refer to partner as trustee); Jerman v. O'Leary, 701 P.2d 1205, 1210 (Ariz. App. 1985)(same); Carrasco v. Carrasco, 422 P.2d 411, 413 (Ariz. App. 1967) (duty of partner "similar to a trustee's").

**MEMORANDUM RE MOTION
TO DISMISS COMPLAINT**           -5-

facts alleged do not amount to a "defalcation" within the meaning of section 523(a)(4). A defalcation generally does not include the poor exercise of business judgment in carrying out an act that the fiduciary was authorized to perform. <u>Blyler v. Hemmeter (In re Hemmeter)</u>, 242 F.3d 1186, 1191 (9th Cir. 2001).

The facts alleged here, however, constitute a complete failure to take any action to preserve the assets of the corporation, and therefore go well beyond the poor exercise of business judgment. The Delaware court found:

> Bonilla . . . acted as . . . [a] stooge for Araneta, seeking to please him and only him, and having no regard for [Bonilla's] obligations to act loyally towards the corporation and all of its stockholders. Such behavior is not indicative of a good faith error in judgment; it reflects a conscious decision to approach one's role in a faithless manner by acting as a tool of a particular stockholder, rather than as an independent and impartial fiduciary honestly seeking to make decisions for the best interests of the corporation. . . . When required by [Bonilla's] office to be loyal to the Delaware Holding Company, Bonilla . . . chose total fealty to Araneta's conflicting interests instead.

<u>ATR-Kim Eng Financial Corp. v. Araneta</u>, 2006 WL 3783520 at 1, 21 (Del. Ch. 2006). Defendant's alleged acts are less like an unfortunate choice in the purchase of stock than they are like leaving a large amount of cash unguarded in a public place. As such, the alleged facts represent the type of failure to account for trust property that has traditionally been the hallmark of defalcation. <u>Otto v. Niles (In re Niles)</u>, 106 F.3d 1456, 1460-62 (9th Cir. 1997).

**\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | |
| 4 | Iain A. Macdonald, Esq.<br>Law Offices of Macdonald & Associates<br>Two Embarcadero Center, Suite 1670 |
| 5 | San Francisco, CA 94111-3930 |
| 6 | Michael C. Fallon, Esq.<br>Law Offices of Michael C. Fallon |
| 7 | 100 E Street, Suite 219<br>Santa Rosa, CA 95404 |
| 8 | |
| 9 | Michael J. Baker, Esq.<br>William J. Lafferty, Esq.<br>Matthew L. Beltramo, Esq. |
| 10 | Howard, Rice, Nemerovski, Canady,<br> Falk & Rabkin |
| 11 | Three Embarcadero Center, 7th Floor<br>San Francisco, CA 94111 |
| 12 | |