

**Signed and Filed: December 17, 2007**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HUGO NERY BONILLA,<br><br>                Debtor.<br>_____ | Case No. 07-30309 TEC<br><br>Chapter 7 |
| ATR-KIM ENG CAPITAL PARTNERS, INC., and ATR-KIM ENG FINANCIAL CORPORATION,<br><br>                Plaintiffs,<br><br>  vs.<br><br>HUGO NERY BONILLA,<br><br>                Defendant.<br>_____ | Adv. Proc. No. 07-3079 TC |

**MEMORANDUM RE DEFENDANT'S MOTION FOR RECONSIDERATION AND
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

I.  Motion for Reconsideration

    Defendant seeks reconsideration of the denial of his motion to dismiss Plaintiffs' fourth cause of action for failure to state a claim upon which relief can be granted.  In so moving, Defendant

contends that this court made a manifest error of law in determining that the director of a Delaware corporation is a "fiduciary" within the meaning of section 523(a)(4) of the Bankruptcy Code.

Defendant first argues that this court did not give proper deference to the decision of the Ninth Circuit in <u>Cal-Micro, Inc., v. Cantrell (In re Cantrell)</u>, 329 F.3d 1119 (9th Cir. 2003). Because <u>Cantrell</u> relied upon a California Supreme Court decision stating that a corporate officer is an agent rather than a trustee under California law, I find <u>Cantrell</u> to be of little relevance to the present case involving a Delaware director.

Defendant next argues that the decisions of the Delaware Supreme Court imposing trustee-like duties on corporate directors are inapposite because they involved instances in which the corporation was insolvent or the director improperly benefitted from the act in question. This argument is unpersuasive for two reasons.

First, Defendant cites no Delaware decision holding that a corporate director has trustee-like duties *only* where the corporation is insolvent or the director benefits. At the same time, a decision of the Delaware Chancery Court imposed trustee-like duties on corporate directors where there was no showing of insolvency or improper benefit. <u>Bodell v. General Gas & Electric Corp.</u>, 132 A. 442, 447 (Del. Ch. 1926).

Second, a recent decision of the Delaware Supreme Court holds that the fiduciary duties owed shareholders are the same as those owed creditors upon insolvency.

> It is well settled that directors owe fiduciary duties to the corporation. When a corporation is *solvent*, those duties may be enforced by its shareholders, who have standing to bring *derivative* actions on behalf of the corporation because they are the ultimate beneficiaries of the corporation's growth and increased value. When a corporation is *insolvent*, however, its creditors take the place of the shareholders as the residual beneficiaries of any increase in value.
>
> Consequently, the creditors of an *insolvent* corporation have standing to maintain derivative claims against directors on behalf of the corporation for breaches of fiduciary duties. The corporation's insolvency "makes the creditors the principal constituency injured by any fiduciary breaches that diminish the firm's value." Therefore, equitable considerations give creditors standing to pursue derivative claims against the directors of an insolvent corporation. Individual creditors of an insolvent corporation have the same incentive to pursue valid derivative claims on its behalf that shareholders have when the corporation is solvent.

North American Catholic Educational Programming Foundation, Inc., v. Gheewalla, 930 A.2d 92, 101-02 (Del. 2007) (emphasis and quotations in original)(footnotes omitted). In this context, the Delaware decisions holding that directors become trustees for creditors upon insolvency become direct support for the conclusion that directors are trustee for shareholders while the corporation is solvent.

Defendant argues finally that this court erred in relying upon the "substantially similar" test stated in Lewis v. Scott (In re Lewis), 97 F.3d 1182 (9th Cir. 1996), asserting that Lewis is an "anomaly" among Ninth Circuit decisions otherwise interpreting section 523(a)(4) very narrowly. This court is persuaded that the functional approach of Lewis is sound. Reliance on formalistic taxonomy has lead the Ninth Circuit to the somewhat curious conclusion that a director of a California corporation is a

**MEMO. RE DEFENDANT'S MTN FOR RECONSID. AND PLAINTIFFS' MTN. FOR SUMM. JUDG.** -3-

Case: 07-03079    Doc# 31    Filed: 12/17/07    Entered: 12/20/07 08:43:40    Page 3 of 6

fiduciary for creditors when the corporation is insolvent,[1] but is not a fiduciary for the director's prime constituents, shareholders, when the corporation is not insolvent.[2] North American Catholic, decided by the court most widely recognized for its expertise in corporate governance, suggests that a functional, interest-based approach is appropriate for any analysis of the fiduciary duties of a director under Delaware law.

II. Plaintiffs' Motion for Summary Judgment

Plaintiffs seek summary judgment on their fourth cause of action based on the preclusive effect of the Chancery Court judgment. Defendant contends that issue preclusion is inappropriate because the factual issues relevant to the fourth cause of action are not identical to those decided in the state-court action. This argument is unpersuasive.

This court having decided that Defendant is a "fiduciary" as a matter of law, the relevant fact question under section 523(a)(4) is whether his wrongful acts amounted to a "defalcation." The state court made detailed findings to the effect that Defendant consciously failed to take the minimum steps legally required of him as a director to protect corporate assets. These findings represent a finding of defalcation: Defendant, while acting in a fiduciary capacity was unable to account for property placed under

---

[1] Lawrence T. Lasagna, Inc. v. Foster, 609 F.2d 392, 396 (9th Cir. 1979)(director of insolvent corporation organized under California law is fiduciary for purposes of section 35(a)(4), predecessor to section 523(a)(4)); Nahman v. Jacks (In re Jacks), 266 B.R. 728, 737 (9th Cir. BAP 2001).

[2] Cantrell, 329 F.3d at 1127.

**MEMO. RE DEFENDANT'S MTN**
**FOR RECONSID. AND PLAINTIFFS'**
**MTN. FOR SUMM. JUDG.** -4-

1 his charge, and the property was lost due to Defendant's failure to
2 follow the instructions imposed upon him by law regarding the
3 protection of that property.  See <u>Otto v. Niles (In re Niles)</u>, 106
4 F.3d 1456, 1460-62 (9th Cir. 1997).

**\*\*END OF MEMORANDUM\*\***

**MEMO. RE DEFENDANT'S MTN**
**FOR RECONSID. AND PLAINTIFFS'**
**MTN. FOR SUMM. JUDG.**                -5-

## Court Service List

Iain A. Macdonald, Esq.
Law Offices of Macdonald & Associates
Two Embarcadero Center, Suite 1670
San Francisco, CA 94111-3930

Michael C. Fallon, Esq.
Law Offices of Michael C. Fallon
100 E Street, Suite 219
Santa Rosa, CA 95404

Michael J. Baker, Esq.
William J. Lafferty, Esq.
Matthew L. Beltramo, Esq.
Howard, Rice, Nemerovski, Canady,
 Falk & Rabkin
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111